# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

LAUSTEVEION JOHNSON,       )
                          )
            Plaintiff,     )     Case No. 2:16-cv-00042-MMD-GWF
                          )
vs.                       )     **<u>ORDER</u>**
                          )
KRAFT FOODS dba MAXWELL HOUSE, *et al.*,  )
                          )
            Defendants.    )
_____)

This matter comes before the Court on the Screening of Plaintiff's Amended Complaint (ECF No. 23), filed on October 27, 2017. Plaintiff was granted *in forma pauperis* status on October 2, 2017. *See Screening Order* (ECF No. 22).

## <u>BACKGROUND</u>

Plaintiff brings this "tort action" and alleges that Defendants violated his civil rights because they were negligent in failing to place warning labels on their coffee products, which contain caffeine. Plaintiff asserts that due to Defendants' negligence, he now suffers from insomnia, hypertension, kidney and liver damage, migraines, mild heart murmurs, mild heart attacks, constant anxiety and fear of death, tooth decay, painful withdrawals and a life-long addition to Defendants' products. Had Defendants placed warning labels on their products, Plaintiff contends that he would have been able to make an informed decision on whether or how much coffee to consume. Plaintiff now seeks punitive and compensatory damages.

## <u>DISCUSSION</u>

### I.    Screening the Amended Complaint

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims

that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319,

1  327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

2  **II.    Instant Complaint**

3      **A.    Plaintiff's Claims Under a Theory of Negligence/Products Liability**

4      In Nevada, when bringing a strict product liability failure-to-warn case, the plaintiff carries

5  the burden of proving, in part, that the inadequate warning caused his injuries. *Sims v. General*

6  *Telephone & Electronics*, 107 Nev. 516, 524, 815 P.2d 151, 156 (1991), *overruled on other*

7  *grounds by Tucker v. Action Equip. and Scaffold Co.*, 113 Nev. 1349, 1356 n. 4, 951 P.2d 1027,

8  1031 n. 4 (1997), *overruled on other grounds by Richards v. Republic Silver State Disposal*, 122

9  Nev. 1213, 148 P.3d 684 (2006).  To successfully prove a failure-to-warn case, a plaintiff must

10  produce evidence demonstrating the same elements as in other strict product liability cases: "(1) the

11  product had a defect which rendered it unreasonably dangerous, (2) the defect existed at the time

12  the product left the manufacturer, and (3) the defect caused the plaintiff's injury." *See Fyssakis v.*

13  *Knight Equipment Corp.*, 108 Nev. 212, 214, 826 P.2d 570, 571 (1992).  A product may be found

14  unreasonably dangerous and defective if the manufacturer failed to provide an adequate warning.

15  *See Yamaha Motor Co. v. Arnoult*, 114 Nev. 233, 238–39, 955 P.2d 661, 665 (1998).  Further, the

16  burden of proving causation can be satisfied in failure-to-warn cases by demonstrating that a

17  different warning would have altered the way the plaintiff used the product or would have

18  "prompted plaintiff to take precautions to avoid the injury." *See Riley v. American Honda Motor*

19  *Co., Inc.*, 259 Mont. 128, 856 P.2d 196, 198 (1993).  Plaintiff argues that Defendants' products

20  contain caffeine, which is a stimulant that affects the heart and nervous system.  Because of this,

21  Plaintiff believes that the products are a "drug" that warrants warning labels.  Defendants allegedly

22  failed to provide warning labels, and Plaintiff argues that had Defendants' products been

23  adequately labeled he would not have consumed as much coffee and suffered the alleged injuries.

24  Taking the allegations in Plaintiff's complaint as true, Plaintiff has arguably stated a claim against

25  Defendants based on products liability.

26      To state a claim for negligence in Nevada, a plaintiff must establish that: (1) that defendant

27  owed him a duty of care; (2) that defendant breached this duty of care; (3) that the breach was the

28  legal cause of plaintiff's injury; and (4) that the complainant suffered damages. *See Hammerstein v.*

*Jean Dev. W.*, 907 P.2d 975, 977 (Nev.1995); *see also Doud v. Las Vegas Hilton Corp.*, 109 Nev. 1096, 1100, 864 P.2d 796, 798 (1993). Plaintiff argues that Defendants had a duty to warn consumers about the harmful effects of their products. He asserts that Defendants allegedly breached this duty and that breach was the cause of Plaintiff's injuries, which resulted in damages. Therefore, Plaintiff has pled the elements of a negligence claim and the Court will allow his amended complaint to proceed.

The Court recognizes that the allegations in Plaintiff's Amended Complaint are borderline frivolous but is unable to make that a conclusive determination so as to preclude this case from proceeding at this time.

Accordingly,

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint may proceed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the Amended Complaint (ECF No. 23).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to Defendants named in the complaint and deliver the summons to the U.S. Marshal for service. The Clerk of the Court shall send the required USM-285 forms to Plaintiff. Plaintiff shall have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada 89101. After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the court identifying if Defendants were served. If Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some other manner of service should be used. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

. . .

. . .

. . .

4

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or their counsel. The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

DATED this 31st day of October, 2017.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE