|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| * * * | |
| LAUSTEVEION JOHNSON, | Case No. 2:16-CV-00042-MMD-GWF |
| Plaintiff, | |
| v. | ORDER |
| KRAFT FOODS DBA MAXWELL HOUSE, *et. al.*, | |
| Defendants. | |

## I. SUMMARY

Plaintiff Lausteveion Johnson alleges claims based on Defendants Kraft Foods dba Maxwell House[1] and Keefe Group Columbian Coffee's alleged failure to place warning labels on their coffee products. In the Screening Order, the Court granted Plaintiff's application to proceed *in forma pauperis*, screened Plaintiff's Complaint under 28 U.S.C. 1915 (a) and dismissed the Complaint with leave to amend. (ECF No. 22.) Plaintiff filed a First Amended Complaint ("FAC") (ECF No. 23), as well as an objection to the Screening Order (ECF No. 24). Defendant Kraft filed two motions to dismiss. (ECF Nos. 30, 38.) Plaintiff responded to the first motion to dismiss ("First MTD") (ECF No. 34). Defendant filed a reply in support of the First MTD. (ECF No. 36.) For the reasons discussed herein, the Court overrules Plaintiff's objection (ECF No. 24) and grants Kraft's motions. Dismissal is without prejudice and with leave to amend.

---

[1] Kraft Foods responds that its true name is Kraft Heinz Foods Company, LLC ("Kraft"). (ECF No. 30 at 1.)

## II. RELEVANT BACKGROUND

Plaintiff asserts two tort claims against Defendants for violating his civil rights based on their purported failure to place warning labels on their coffee products. (ECF No. 23.) According to Plaintiff, he has been habitually consuming Kraft's coffee since May 2003 and has been injured as a result of the harmful side effects of consuming caffeine. (*Id.* at 3, 9.)

The Court permitted Plaintiff to proceed on his two state law claims for strict liability based on a failure-to-warn theory and for negligence. (ECF No. 25.) The Court further directed the Clerk to issue summons to the Defendants named in the FAC—Maxwell House aka Kraft Foods and Keefe Group Columbian Coffee—(ECF No. 23 at 12) and deliver the summons to the U.S. Marshal for service of process. [2] (*Id.* at 4.)

The proof of service for Keefe Group shows that process was served on "Ingram . . . receptionist." (ECF No. 27 at 2.) In the accompanying Form USM-285, Plaintiff stated: "Please service [sic] Keefe Group at their attorneys office:  Bremer Whyte Brown and O'Meara LLP, 1160 N. Town Center Drive, Suite 250, Las Vegas, NV 89144." (*Id.* at 3.) The proof of service for Kraft was also served on the same person identified as "Ingram."[3] (ECF No. 28 at 3.) However, in the accompanying Form USM-285, Plaintiff stated: "I request that you serve Defendant Kraft Foods, at their attorneys office: Lewis Brisbois Bisgaard & Smith, LLP ("LBBS"), 6385 S. Rainbow Blvd., Suite 600, Las Vegas NV 89118." (*Id.* at 1.) After Kraft filed its First MTD, a second proof of service on Kraft was filed showing service on "Iryne, who is designated by law to accept service of process on behalf of . . . Kraft Foods – Lewis Brisbois." (ECF No. 32 at 3.) Plaintiff submitted the accompanying USM-285 form stating "I request that you serve Defendant Kraft Foods, at their attorneys office" and identified LBBS and its address. (*Id.* at 1.)

---

[2] Plaintiff's application to proceed *in forma pauperis* was granted (ECF No. 22), entitling him to rely on the U.S. Marshals for service of process although Plaintiff still has to provide accurate information for service. *See* Fed. R. Civ. P. 4(c)(3).

[3] This was apparently a mistake since Plaintiff identified two different groups of attorneys for Defendants in the separate Form USM-285. (*Compare* ECF No. 27 at 3 *with* ECF No. 28 at 1.)

2

**III.    OBJECTION TO SCREENING ORDER (ECF NO. 24)**

The Screening Order found that Plaintiff failed to state a claim under 42 U.S.C. § 1983 because Defendants are private parties and Plaintiff fails to allege that they took actions as a result of a government policy or as government actors. (ECF No. 22.) In his objection, Plaintiff insists that he was not asserting claims under section 1983. (ECF No. 24.) Accordingly, Plaintiff's objection does not challenge the Screening Order's dismissal of the section 1983 claims. The Screening Order dismissed the Complaint with leave to amend (ECF No. 22 at 4), and Plaintiff amended his claims by filing the FAC (ECF No. 23), which the Court screened and permitted Plaintiff to proceed on (ECF No. 25). Thus, Plaintiff's objection is without merit and is therefore overruled.

**III.    MOTIONS TO DISMISS (ECF Nos. 30, 38)**

Kraft's First MTD and Second MTD serve as bookends to the two proofs of service on Kraft, and Plaintiff did not correct the service issue pointed out in the First MTD. Both motions seek dismissal for insufficient service of process under Rule 12(b)(5) and failure to state a claim under Rule 12(b)(6). (*See* ECF Nos. 30, 38.) Because the Court agrees that Kraft has not been properly served, the Court lacks jurisdiction to address the Rule 12(b)(6) arguments.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 688 (9th Cir. 1988) (citation omitted). Rule 12(b)(5) permits a defendant to move to dismiss an action where service of process was insufficient. *See* Fed. R. Civ. P. 12(b)(5). Where service is insufficient, the district court has discretion to dismiss the action or quash service. *See S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Security Pac. Nat'l Bank,* 538 F.2d 1387, 1389 (9th Cir.1976)).

Rule 4(h)(1) provides, in pertinent part, that service on a domestic corporation made be effectuated "in the same manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a

managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1); *Patel-Julson v. Paul Smith Las Vegas, Inc.,* No. 2:12-cv-01023-MMD, 2013 WL 1752897 at * 3 (D. Nev. 2013). Rule 4(e)(1) allows for service consistent with state law. Fed. R. Civ. P. 4(e)(1). Under Nevada law, service may be made on the corporation's registered agent or its officer. Nev. R. Civ. P. 4(d)(1).

Kraft's two motions argue that it has not been properly served with process. In response to the First MTD, Plaintiff asserted that the requested service be made on Kraft's attorney's office. (ECF No. 34 at 2.) The two Forms USM-285 he submitted indeed articulated this request. However, LBBS is not authorized to accept service on behalf of Kraft. (*See* ECF No. 30 at 6-7; ECF No. 38 at 4-5; ECF No. 38-1.) Thus, even assuming "Ingram" and/or "Irene" are employees of LBBS, service on them is not effective service on Kraft. Even accepting Plaintiff's contention that LBBS are attorneys for Kraft, service on Kraft can only be made through its attorneys if they have been authorized to accept service. Plaintiff offered no evidence of such authorization while Kraft offered evidence that no such authorization has been given. (*See* ECF No. 30 at 6-7; ECF No. 38 at 4-5.)

Because Plaintiff has named an incorrect entity in seeking to sue Kraft, the Court will dismiss the FAC without prejudice and with leave to amend, in lieu of quashing service of process. Plaintiff is granted leave to file an amended complaint to name the correct Kraft Foods entity, Kraft Heinz Foods Company, LLC, and to seek to serve its authorized agent, The Corporation Trust Company of Nevada.[4]

**IV.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and

---

[4] Kraft's First MTD identified its correct corporate name and its authorized agent to accept service in Nevada—The Corporation Trust Company of Nevada. (ECF No. 30 at 1, 7.) Kraft's Second MTD provided similar information. (ECF No. 38 at 1, 4-5.)

4

determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's objection (ECF No. 24) is overruled.

It is further ordered that Kraft's first motion to dismiss (ECF No. 30) and second motion to dismiss (ECF No. 38) are granted. The FAC is dismissed without prejudice and with leave to amend to correct the deficiencies identified in this order. Plaintiff will be given thirty (30) days to file an amended complaint. Should Plaintiff file an amended complaint, Plaintiff must also submit the proper Form USM-285 with the amended complaint for service of process. Failure to file an amended complaint within that time frame will result in dismissal of this action with prejudice.

DATED THIS 28th day of August 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE